JAP:UAD

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**M-10-1319**

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

   - against -

TRICIA CAROL-ANN GRIFFITH,
   also known as
   "Tricia Francis,"

        Defendant.

- - - - - - - - - - - - - - - - -X

AFFIDAVIT IN SUPPORT OF
REMOVAL TO THE WESTERN
DISTRICT OF NEW YORK

EASTERN DISTRICT OF NEW YORK, SS:

      MATTHEW MEYER, being duly sworn, deposes and says that he is a Special Agent with United States Immigration and Customs Enforcement ("ICE") in the Western District of New York, and the case agent assigned to this investigation, duly appointed according to law and acting as such.

      Upon information and belief, on August 12, 2010, an arrest warrant was issued by the United States District Court for the Western District of New York commanding the arrest of the defendant TRICIA CAROL-ANN GRIFFITH, also known as "Tricia Francis," for international parental kidnapping, in violation of Title 18, United States Code, Section 1204, and document fraud in violation of Title 18, United States Code, Section 1028.

      The source of your deponent's information and the grounds for his belief are as follows:

      1. On August 12, 2010, an arrest warrant was issued by the United States District Court for the Western District of New York commanding the arrest of the defendant TRICIA CAROL-ANN

GRIFFITH, also known as "Tricia Francis," for international parental kidnapping, in violation of Title 18, United States Code, Section 1204, and document fraud in violation of Title 18, United States Code, Section 1028.  The arrest warrant was issued based on a criminal complaint filed by ICE in that district.  A copy of the arrest warrant and complaint are attached hereto.

2.   On or about November 3, 2010, investigation revealed that GRIFFITH had reserved a seat on American Airlines Flight 1190 bound for JFK International Airport ("JFK") from Montego Bay, Jamaica.  The flight was scheduled to land at JFK at approximately 6:20 p.m. on November 6, 2010.

3.   On November 6, 2010, officers from United States Customs and Border Protection ("CBP") encountered the defendant during a primary inspection.  The defendant presented her Jamaican passport, which identified her as Tricia Carol-Ann Griffith.  Based on the outstanding warrant for the arrest of Tricia Carol-Ann Griffith, CBP escorted the defendant to a secondary inspection station.

4.   ICE officers who were at the secondary inspection station identified the defendant as GRIFFITH based on a photograph of GRIFFITH from a 2007 visa application.  When asked, the defendant also identified herself as Tricia C. Griffith.  The defendant was placed under arrest.  She was read her Miranda warnings, which she appeared to understand and waived in writing.

5.   It is the desire of the United States Attorney for the Western District of New York that the defendant GRIFFITH be

removed to that district for prosecution.

WHEREFORE, it is requested that the defendant TRICIA CAROL-ANN GRIFFITH, also known as "Tricia Francis," be removed to the Western District of New York so that he may be dealt with according to law.

_____
Matthew Meyer
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
8th day of November, 2010

_____
THE HONORABLE JOAN M. AZRACK
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

AO 442 (Rev. 01/09) Arrest Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of New York

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| TRICIA C. GRIFFITH | ) | Case No. 10-M- 2111 |
| a.k.a. TRICIA CAROL-ANN GRIFFITH-FRANCIS | ) | |
| | ) | |
| | ) | |
| *Defendant* | | |

## ARREST WARRANT

To:   Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   TRICIA C. GRIFFITH                                                                                     ,
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☑ Complaint
☐ Probation Violation Petition   ☐ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of the Court

This offense is briefly described as follows:

On or about June 18, 2010, in the Western District of New York and elsewhere, Tricia C. Griffith did remove a child less than sixteen years old from the United States or retained said child (who had been in the United States) outside the United Staes with intent to obstruct the lawful exercise of parental rights, in violaton of Title 18, United States Code, Section 1204(a), and did knowingly possess and use, without lawful authroity, a means of identification of another person with intent to commit or in connection with unlawful activity that constitutes a felony under New York State law, in violation of Title 18, United States Code, Section 1028(a)(7).

Date:  08/12/2010

*Issuing officer's signature*

City and state:   Buffalo, New York                         HUGH B. SCOTT, U.S. MAGISTRATE JUDGE
*Printed name and title*

---

**Return**

This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____
at *(city and state)* _____.

Date: _____                    _____
*Arresting officer's signature*

_____
*Printed name and title*

AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | ) |
| v. | ) Case No. 10-M-2111 |
| TRICIA C. GRIFFITH a.k.a. | ) |
| TRICIA CAROL-ANN GRIFFITH-FRANCIS | ) |
| *Defendant* | ) |

FILED AUG 1 2 2010 MICHAEL J. ROEMER, CLERK WESTERN DISTRICT OF NY

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

That on or about June 18, 2010, in the Western District of New York and elsewhere, the defendant violated Title 18, United States Code, Section 1204(a), in that she removed a child less than sixteen years old from the United States and retained such child (who had been in the United States), outside the United States with intent to obstruct the lawful exercise of the parental rights of the father of that child; and further,

That on or about June 18, 2010, in the Western District of New York and elsewhere, the defendant violated Title 18, United States Code, Section 1028(a)(7), in that she knowingly possessed and used, without lawful authority, a means of identification of another person, namely, the passport of her child, with intent to commit or in connection with unlawful activity that constitutes a felony under New York State law, that is, Custodial Interference in the First Degree.

This Criminal Complaint is based on these facts:

x☐ Continued on the attached sheet.

*Complainant's signature*

Matthew R. Meyer
Special Agent, Department of Homeland Security
Immigration and Customs Enforcement
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 8/12/10

*Judge's signature*

City and State: Buffalo, New York

Hon. Hugh B. Scott
United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK   )
COUNTY OF ERIE      ) SS:
CITY OF BUFFALO     )

Matthew R. Meyer, being duly sworn, deposes and says:

1. I am a Special Agent with U.S. Immigration and Customs Enforcement ("ICE"), within the Department of Homeland Security ("DHS"), and formerly, with one of its predecessor agencies, the Immigration and Naturalization Service ("INS"). I have been employed as a Special Agent for approximately twelve years, and am currently assigned to the office of the Special Agent in Charge in Buffalo, New York.

2. I am a law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States Code, Section 2516.

3. I make this Affidavit in support of a Criminal Complaint charging TRICIA C. GRIFFITH, also known as, TRICIA CAROL-ANN GRIFFITH-FRANCIS, with violating Title 18, United States Code, Section 1204(a), by removing her child, who was less than sixteen years of age, from the United States and by retaining such child,

(who had been in the United States), outside the United States with intent to obstruct the lawful exercise of parental rights, and with violating Title 18, United States Code, Section 1028(a)(7), by knowingly possessing and using, without lawful authority, a means of identification of another person, namely, the passport of her child, with intent to commit or in connection with unlawful activity that constitutes a felony under New York State law, that is, Custodial Interference in the First Degree.

4. The statements contained in this Affidavit are based upon information provided to me by other ICE agents, other law enforcement officers, and on my personal knowledge, experience and training as a special agent with ICE. Because this Affidavit is submitted for the limited purpose of securing a Criminal Complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that TRICIA C. GRIFFITH has violated Sections 1204(a) and 1028(a)(7) of Title 18 of the United States Code.

5. On July 8, 2010, the Buffalo ICE office was contacted by the Niagara Falls Police Department ("NFPD") and asked for assistance in a possible parental child abduction case. At that time, it was reported that TRICIA C. GRIFFITH ("GRIFFITH") had

2

traveled to Jamaica with her daughter, hereinafter referred to as "T.G.", who was, at the time, five years old.

6. The investigation revealed that New York State Supreme Court had issued an Order, dated October 15, 2009, requiring GRIFFITH to surrender T.G.'s United States passport and prohibiting GRIFFITH from removing or traveling with T.G. outside of Erie and Niagara Counties without court permission.

7. Record checks conducted on July 12, 2010, showed that GRIFFITH and T.G. departed the United States on June 18, 2010 for Jamaica, flying out of Ft. Lauderdale, Florida. Record checks also show that GRIFFITH used T.G.'s passport, in violation of the New York State Supreme Court Order, to take T.G. out of the United States on that date. There are no records showing that GRIFFITH or T.G. have since re-entered the United States.

8. On June 30, 2010, T.G.'s father, Tigen G., filed a police report with NFPD claiming that he had been unable to contact GRIFFITH or T.G. since June 13, 2010, and that he had learned that T.G. had not been in attendance at school.

9. On July 9, 2010, a missing person report for T.G. was entered into NCIC by NFPD.

3

10. On July 28, 2010, an arrest warrant was issued for GRIFFITH by City Court in Niagara Falls, New York, charging her with the felony offense of Custodial Interference, and with Criminal Contempt.

11. By Order dated August 5, 2010, New York State Supreme Court found that GRIFFITH was in violation of the previous court order in that she had relocated T.G. out of Niagara and/or Erie Counties without the consent of the father, Tigen G., and without the permission of the court. The court ordered that Tigen G. be awarded sole and exclusive custody of T.G.

12. The fact that T.G. is in a foreign country, and not in the Niagara Falls, New York area interferes with the parental rights, including visitation rights of the father, who currently has been granted custody of T.G.

**WHEREFORE**, based on the foregoing, I respectfully submit that there is probable cause to believe that on or about June 18, 2010, TRICIA C. GRIFFITH did remove a child under sixteen years of age from the United States and did retain such child (who had been in the United States) outside the United States with intent to obstruct the lawful exercise of parental rights, in violation of Title 18, United States Code, Section 1204(a). I further submit

4

that there is probable cause to believe that TRICIA C. GRIFFITH did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the passport of her child, with intent to commit and in connection with unlawful activity that constitutes a felony under New York State law, that is, Custodial Interference in the First Degree, all in violation of Title 18, United States Code, Section 1028(a)(7).

MATTHEW R. MEYER
Special Agent
Immigration and Customs Enforcement

Sworn to before me this
12 day of August 2010. 3:00 pm

HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

5